IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR 19 AM 9: 22
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
              DEPUTY

MICHAEL RICHARD PULLIS,
      Plaintiff,

-vs-

AMERICAN HOMES 4 RENT PROPERTIES TWO, L.L.C.; U.S. BANK NATIONAL ASSOCIATION as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-OPTI; OCWEN LOAN SERVICING, LLC; and DAVID ACKEL,
      Defendants.

Case No. A-14-CA-032-SS

**ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Dismiss [#5], and Plaintiff Michael Richard Pullis's Response [#7]; Pullis's Motion to Remand [#6], and Defendants' Response [#8]; and Pullis's Unopposed Motion for Extension of Time to File Joint Discovery Plan and Scheduling Order [#9]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion to remand and GRANTING the motion to dismiss.

**Background**

This is Pullis's second lawsuit in this Court attempting to challenge U.S. Bank's foreclosure on the property located at 809 Lantana Lane, Leander, Texas 78641. Pullis purchased the property in 2006, executing a Note and Deed of Trust in favor of the original lender, Sand Canyon

Corporation (then known as Option One Mortgage Corporation). According to Pullis, Sand Canyon/Option One's parent company sold the loan servicing business to American Home Mortgage Servicing, Inc. (AHMSI) in 2008. Pullis alleges Sand Canyon then assigned the Note and Deed of Trust to U.S. Bank in 2011.

Pullis previously filed suit against Sand Canyon, U.S. Bank, American Homes 4 Rent Properties Two, LLC, Merrill Lynch Mortgage Investors Trust, Ocwen Loan Servicing, Barry & Sewart, and David Ackel, in the 26th Judicial District Court of Williamson County, Texas, on June 17, 2013. Pullis's lawsuit was based on essentially the same theory as this case. After the defendants removed the 2013 lawsuit to this Court, several motions to dismiss were filed. This Court granted them all and dismissed Pullis's claims without prejudice. *See Pullis v. Sand Canyon Corp.*, No. A-13-CA-892-SS (W.D. Tex. Nov. 19, 2013).

Pullis refiled the case, removing only Sand Canyon and Barry & Sewart, in state court on December 18, 2013. Defendants again removed the case to this Court, and have again moved to dismiss. Pullis has responded to the motion, and also moved to remand the case to state court.

## Analysis

I.  **Motion to Remand**

A.  **Legal Standard**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted

this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[1] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). The test for improper joinder relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In conducting the improper joinder analysis, the Court may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (internal quotation marks omitted).

**B.    Application**

Pullis moves to remand, arguing the presence of Defendant David Ackel defeats diversity. Additionally, Pullis contends the prior exclusive jurisdiction doctrine divests this Court of

---

[1] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes § 1441(b) inapplicable.

jurisdiction.

Defendants contend Ackel was improperly joined in an attempt to defeat diversity, and argue Pullis cannot establish any cause of action against Ackel. The Texas Property Code allows trustees like Ackel to obtain dismissal from a suit in which they have been named "solely in the capacity as a trustee under a deed of trust," on the theory trustees are not necessary parties to the lawsuit. *See* TEX. PROP. CODE § 51.007(a). Further, the Texas Property Code shields trustees from liability "for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee." *Id.* § 51.007(f). Contrary to the representations made in Pullis's Motion to Remand, Ackel filed a verified denial and asserted his right to dismissal as a non-necessary party under section 51.007(c). Pullis pleads no facts suggesting Ackel engaged in any conduct other than carrying out the foreclosure as directed by U.S. Bank, who appointed Ackel as substitute trustee. Ackel is therefore entitled to dismissal from the suit, Pullis cannot establish any cause of action against Ackel, and Ackel's presence in the suit may be disregarded for purposes of diversity jurisdiction. With Ackel's presence disregarded, there is no dispute the remaining parties to this action are diverse.

Pullis's prior exclusive jurisdiction argument has no merit. This Court previously described Pullis's theory as "misguided" and "inapposite," as the prior exclusive jurisdiction doctrine is not implicated by a lone state court lawsuit removed to federal court. *See Cabin v. JPMorgan Chase Bank, N.A.*, No. 1:12-CV-1076-SS, slip op. at 5–7 (W.D. Tex. Jan. 3, 2013). Pullis's references to a forcible detainer action pending in the justice court, or some appeal from such an action, do not change the outcome because those proceedings involve only possession of the property, not title, and thus do not present the possibility of conflicting jurisdiction over the same piece of real property. *See*

*Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.) (forcible entry and detainer suits concern only possession, not title; justice court "has no jurisdiction to render a judgment" resolving title disputes).

Pullis's Motion to Remand is DENIED.

**II.     Motion to Dismiss**

**A.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.     Application**

Pullis's second lawsuit is substantively identical to his first. It fails to state a claim for the same reasons. Pullis's claims hinge on the allegedly invalid assignment from Sand Canyon to U.S. Bank in 2011. Pullis alleges Sand Canyon lacked authority to execute this assignment because its loan servicing business had been sold to AHSMI. As the Fifth Circuit has explained, "under Texas law, facially valid assignments cannot be challenged for want of authority *except by the defrauded assignor*." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (emphasis added); *see also id.* at 226 (noting an unauthorized assignment is "not void, but merely voidable at the election of the defrauded principal"). In other words, if AHMSI believes it was defrauded by Sand Canyon's assignment of Pullis's Deed of Trust, AHMSI may choose to sue Sand Canyon and have the assignment set aside. But Pullis, as the obligor, has no legal basis for challenging the assignment to U.S. Bank. *See id.* Nor has Pullis pleaded any facts suggesting Sand Canyon was not entitled to assign the Deed of Trust as the beneficiary of that security instrument. Finally, Pullis's allegation the Deed of Trust was improperly securitized in violation of a pooling and servicing agreement governed by New York trust law is similarly unavailing, because the Fifth Circuit has expressly rejected attempts by homeowners to enforce trust agreements to which they are neither

parties or intended third-party beneficiaries. *See, e.g.*, *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 334 (5th Cir. 2013) (citing *Reinagel*, 735 F.3d at 228–29). Pullis's various causes of action all rely on one or more of these misguided theories to survive, and Pullis therefore fails to state any claim for which relief can be granted.

## Conclusion

Pullis has failed to state any claim for which relief can be granted, and has failed to show himself entitled to any relief in either law or equity. Additionally, Pullis has now filed essentially the same lawsuit two times. There is no indication allowing Pullis to amend or refile a third time would result in a plausible claim being stated. The Court therefore dismisses WITH PREJUDICE.

Accordingly,

IT IS ORDERED that Pullis's Motion to Remand [#6] is DENIED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that Pullis's Unopposed Motion for Extension of Time to File Joint Discovery Plan and Scheduling Order [#9] is DISMISSED AS MOOT;

IT IS FINALLY ORDERED that all claims brought by Plaintiff Michael Richard Pullis in the above-styled cause are DISMISSED WITH PREJUDICE.

SIGNED this the 19th day of March 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE